Douglas E. Dexter (State Bar No. 115868)
ddexter@fbm.com
Hillary M. Marks (State Bar No. 335345)
hmarks@fbm.com
Noelle C. Ruane (State Bar No. 358506)
nruane@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
AMAZON.COM SERVICES LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LESTER HOGAN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>AMAZON.COM SERVICES LLC,<br><br>                    Defendant. | Case No.<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(b)**<br><br>[SANTA CLARA COUNTY SUPERIOR COURT, CASE NO. 25CV480824] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF LESTER HOGAN:

PLEASE TAKE NOTICE that Defendant AMAZON.COM SERVICES LLC ("Amazon" or "Defendant")[1], pursuant to 28 U.S.C. § 1441(b), hereby removes the above-entitled action to this Court from the Superior Court of the State of California, County of Santa Clara ("Santa Clara Superior Court").

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2025, Plaintiff LESTER HOGAN ("Plaintiff") filed a civil complaint in the Santa Clara Superior Court, entitled *Lester Hogan v. Amazon.com Services LLC*, Case No.

---

[1] Amazon.com Services LLC is erroneously sued as "Amazon." Amazon.com Services LLC is Plaintiff's employer. *See* Declaration of RJ Singh ("Singh Decl."), ¶¶ 3-4.

DEFENDANT AMAZON.COM SERVICES LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §1441(b) - Case No.

47982\20821951.1

25CV480824. A true and correct copy of the Complaint (hereinafter the "Complaint"), together with its Civil Case Cover Sheet, is attached as **Exhibit A** to the Declaration of Hillary M. Marks ("Marks Decl.") submitted concurrently herewith.

In the Civil Case Cover Sheet, *pro se* Plaintiff has checked the box indicating that this is an employment case best described under the category "Other." Although the handwritten Complaint lacks a clear list of the legal causes of action, the Complaint appears to allege harassment, race discrimination, failure to accommodate, and retaliation. *See* Marks Decl., **Ex. A,** pp. 5-6, 12.

On December 16, 2025, Defendant was served with Plaintiff's Complaint. *See* Marks Decl., **Ex. B**.

## II.   THE NOTICE OF REMOVAL IS TIMELY

This Notice of Removal has been timely filed within thirty (30) days after "service on that defendant of the initial pleading." *See* 28 U.S. §1446(b)(2).

## III.   THIS COURT HAS DIVERSITY JURISDICTION

This case is removable because this Court has original jurisdiction based on the parties' diversity of citizenship. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between . . . citizens of different States[.]").

First, Plaintiff and Amazon are citizens of different states. On information and belief, Plaintiff is a citizen of California because he is domiciled in California, as evidenced by the fact that (1) he is currently employed by Amazon.com Services LLC and assigned at a California work site, *see* Singh Decl., ¶ 4; (2) Plaintiff has been continuously employed by Amazon and assigned to California work sites for over four years, *see* Singh Decl., ¶¶ 3-4; (3) Amazon's current contact information on file for Plaintiff lists a California address, *see* Singh Decl., ¶ 6; and (4) Plaintiff's contact information included in the Civil Case Cover accompanying his California Superior Court filing lists a California address, *see* Marks Decl., **Ex. A**.[2]

---

[2] "[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT AMAZON.COM SERVICES LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §1441(b) - Case No.

2

47982\20821951.1

Amazon.com Services LLC is not a citizen of California. For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At all times relevant to this action, Amazon.com Services LLC has been a citizen of Washington and Delaware (but not California). A true and correct copy of the California Secretary of State Statement of Information for Amazon.com Services LLC is attached as **Exhibit C** to the Marks Decl. submitted concurrently herewith. *See* Marks Decl., ¶ 4, **Ex. C.** The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of business in Seattle, Washington. *See* 28 U.S.C. § 1338(c). A true and correct copy of the Washington Secretary of State Statement of Information for Amazon.com Sales, Inc. is attached as **Exhibit D** to the Marks Decl. submitted concurrently herewith. *See* Marks Decl., ¶ 5, **Ex. D.**

In addition, the amount in controversy exceeds $75,000. Plaintiff's handwritten Complaint is difficult to decipher, but at a minimum, it appears to seek general damages and compensatory damages related to his "mental anguish" and "pain and suffering" related to his harassment, discrimination, retaliation, and failure to accommodate claims. *See* Marks Decl., ¶ 1, **Ex. A**. Though Defendant disputes the veracity and scope of Plaintiff's allegations, or that Plaintiff is entitled to any damages, California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g., Jellinek v. Adv. Prods. & Sys., Inc.*, No. 10CV1226 JM(WMC), 2010 WL 3385998, at *2 (S.D. Cal. Aug. 24, 2010) (employment case satisfies amount in controversy requirement – even when complaint did not identify specific amount – because "in light of litigation realities, it is facially apparent that the amount in controversy likely exceed[s] the $75,000 amount in controversy requirement" where plaintiff seeks compensatory and punitive damages); *Arauz v. MAC Cosmetics, Inc.,* No. 2:22-cv-

---

(9th Cir. 2015)); *see, e.g.*, *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 887 (S.D. Cal. 2021) (sales contract listing Plaintiff's California address is sufficient evidence of Plaintiff's domicile for removal); *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1092 (C.D. Cal. 2015) (allegations of "extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state").

DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(b) - Case No.

3

47982\20821951.1

01663-MCE-KJN, 2023 WL 3293336, at *2–4 (E.D. Cal. May 5, 2023) (amount-in-controversy requirement satisfied in retaliation case seeking general, compensatory, and punitive damages); *Rodriguez v. Home Depot, U.S.A., Inc.,* No. 16-CV-01945-JCS, 2016 WL 3902838, at *1 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in employment case seeking emotional distress and punitive damages); *Castanon v. Int'l Paper Co.,* No. 2:15-CV-08362-ODW (JC), 2016 WL 589853, at *1–2 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages); *Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1032, 1035 (N.D. Cal. 2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, and emotional distress damages); *Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) ("Without deciding whether this case is sufficiently analogous to those cited by Defendant[ ], or quantifying the exact value of Plaintiff's claims for emotional distress ... the Court recognizes that emotional distress ... damages are more likely than not to be more than nominal."); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (citing employment cases resulting in jury verdicts with substantial punitive damage awards ranging from $60,000 to $40,000,000, and noting that "[t]he fact that the cited cases involve distinguishable facts is not dispositive").

Thus, removal is proper based on this Court's diversity jurisdiction.

## IV.   VENUE IS PROPER IN THIS COURT

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court embraces the Superior Court of the State of California for the County of Santa Clara, which is where Plaintiff's Complaint was originally filed. Accordingly, this Court is the appropriate court to which to remove this action.

## V.   NOTICE OF REMOVAL

Amazon will promptly provide written notice of this Notice of Removal to Plaintiff, and will also file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT AMAZON.COM SERVICES LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §1441(b) - Case No.

4

47982\20821951.1

California, County of Santa Clara.

## VI.    CONCLUSION

As detailed above, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1441(b). Having fulfilled all statutory requirements, Amazon removes this action from the Superior Court of California, County of Santa Clara to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated:  January 15, 2026                    FARELLA BRAUN + MARTEL LLP

By:  _Hillary Marks_
Hillary M. Marks

Attorneys for Defendant
AMAZON.COM SERVICES LLC

DEFENDANT AMAZON.COM SERVICES LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §1441(b) - Case No.

5

47982\20821951.1